# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**NICOLE CLEMONS,** *Individually,*
*and on behalf of herself and other similarly*
*situated employees,*

Plaintiff,

v.   No._____

**REP PERIMETER HOLDINGS, LLC**    FLSA Collective Action
                                    JURY DEMANDED
Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Nicole Clemons ("Plaintiff"), on behalf of herself, individually, and on behalf of herself and other similarly situated hourly-paid psych techs as a class, files this Collective Action Complaint, averring as follows:

## I. INTRODUCTION

1.  This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought on behalf of Plaintiff Nicole Clemons, individually, and behalf of herself and other similarly situated hourly-paid psych techs as a class against REP Perimeter Holdings, LLC, ("Defendant") - who were employed by Defendant during the three (3) years preceding the filing of this Complaint. Plaintiff and other similarly situated psych techs seek damages for those who have worked for Defendant within the three (3) years preceding the filing of this lawsuit.

1

2. These unpaid overtime wage claims of Plaintiff and those similarly situated are unified by a common theory of Defendant's FLSA violations.

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant has conducted business in this district and Plaintiff was employed by Defendant to work in this district during at all times material to this action.

## III. PARTIES

5. Defendant, REP Perimeter Holdings, LLC, is a Delaware Limited Liability Company with its principal address at 2520 Northwinds Parkway (Suite 550), Alpharetta, Georgia 30008-2236. Defendant may be served via its registered agent: James Laughlin, 49 Old Hickory Blvd., Jackson, Tennessee 38305-4551.

6. Plaintiff Nicole Clemons was employed by Defendant as an hourly-paid psych tech during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff's Consent to Join this collective action is attached hereto as *Exhibit A*.

## IV. FACTUAL ALLEGATIONS

7. Defendant was the "employer" of Plaintiff and similarly situated hourly-paid psych techs during all times material to this collective action.

8. Defendant maintained and administered a centralized time keeping system for the purpose of recording the compensable time of Plaintiff and other similarly situated

employees.

9. Plaintiff and other similarly situated employees were employed by and worked for Defendant in excess of forty (40) hours per week within weekly pay periods during the three (3) year period preceding the filing of this collective action.

10. Plaintiff and other similarly situated employees have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within the three (3) year period preceding the filing of this Collective Action.

11. At all times material, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA with annual revenues in excess of $500,000.00. Plaintiff and other similarly situated employees also have engaged in commerce and the production of goods for commerce during the applicable statutory period.

12. Defendant had a common plan, policy and practice of automatically deducting unpaid 30-minute meal periods from the time keeping system during each of Plaintiff and similarly situated employees' scheduled shifts, whether or not they were relieved of their job duties and/or whether or not they performed job duties during such meal period times.

13. Plaintiff and other similarly situated employees were not fully relieved of their job duties and responsibilities and/or, performed job duties, during such 30-minute unpaid meal periods within weekly pay periods during all times material.

14. Plaintiff and similarly situated employees typically had to work through much, if

not all, of their unpaid 30-minute meal periods to attend to and care for youths for whom they were responsible as well as to complete necessary paperwork -- all for which time they were not compensated at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

15. Defendant was aware it was not compensating Plaintiff and other similarly situated employees for the time they were not relieved of their job duties and/or, performed job duties, during such 30-minute unpaid meal periods within weekly pay periods at all times material -- at the applicable FLSA overtime rates of pay.

16. Defendant's common plan, policy and practice of not compensating Plaintiff and other similarly situated employees for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

17. The unpaid meal period claims of Plaintiff and other similarly situated employees are unified through a common theory of Defendant's FLSA violations.

18. Defendant's failure to compensate Plaintiff and others employees for 30-minute unpaid meal periods during which they were not fully relieved of their job duties and/or worked, was willful with reckless disregard to the overtime requirements of the FLSA and, without a good faith basis for such conduct.

19. As a result of Defendant's lack of a good faith basis and willful failure to pay Plaintiff and other similarly situated employees in compliance with the overtime compensation requirements of the FLSA, Plaintiff and similarly situated

employees have suffered lost wages in terms of lost overtime compensation as well as other damages.

20. Defendant's common plan, policy, and practice of failing to pay Plaintiff and employees one-and-one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this collective action was to unjustly enrich itself and enjoy ill-gained profits at the expense of Plaintiff and other similarly situated employees.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings this case as a collective action on behalf herself and other similarly situated hourly-paid psych techs pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed to them by Defendant.

22. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid psych techs who worked for and were employed by Defendant who were not fully relieved of their job duties and/or, performed job duties, during unpaid automatically deducted 30-minute meal periods without being compensated for such times at one and-one half times their regular hourly rates of pay for all hours worked in excess of 40 hour per week, occurring anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action.[1] ("Class Members")

23. Plaintiff seeks to pursue her unpaid overtime wage claims against Defendant on behalf of herself, individually, and on behalf of herself and all other similarly

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

5

situated hourly-paid psych techs as a class.

24. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and similarly situated employees for all hours worked over forty (40) at one-and-one-half times their regular hourly rates of pay, as required by the FLSA.

25. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping and compensation plans, policies and practices.

26. Plaintiff and class members also are similarly situated in that their "edited-out" unpaid meal period claims are unified through a common theory of Defendant's FLSA violations.

27. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

28. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members: to pursue their aforementioned unpaid overtime compensation claims against Defendant.

29. Counsel for Plaintiff will adequately protect her interests as well as the interests of

all putative class members.

30. Defendant knew Plaintiff and similarly situated employees were not fully relieved of their job duties and/or, performed job duties, during unpaid meal periods that resulted in excess of forty (40) hours per week within weekly pay periods at all times material, that required overtime compensation to be paid at the applicable FLSA overtime rates of pay.

31. Nonetheless, Defendant operated under a common plan, policy and practice to deprive Plaintiff and similarly situated employees of such overtime compensation.

32. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA protected rights of Plaintiff and similarly situated employees, which conduct caused significant damage to them.

33. Defendant did not have a good faith basis for its failure to compensate Plaintiff and similarly situated employees for all their compensable overtime hours at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

34. Therefore, Defendant is liable to Plaintiff and similarly situated employees under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

35. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid straight and overtime compensation as well as liquidated damages under the

FLSA, and the other relief requested herein.

36. Plaintiff estimates there are more than 50 members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging and by posting notice in all of Defendant's healthcare facilities.

37. Plaintiff and similarly situated employees' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

38. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

39. At all times material, Plaintiff and similarly situated employees have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

40. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and similarly situated employees also have engaged in interstate commerce during all times material to this action.

41. At all times material, Defendant was an "employer" of Plaintiff and each of the

class members, as such term is defined by the FLSA.

42. Plaintiff and similarly situated employees were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

43. Plaintiff and similarly situated employees have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

44. As a result of Defendant's common plan, policy and practice of automatically deducting 30-minute meal periods from the time keeping system when Plaintiff and similarly situated employees were not fully relieved of their job duties and/or, performing job duties, Defendant violated the FLSA and is liable to them for such unpaid overtime compensation.

45. Section 207(a)(1) of the FLSA states an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

46. Through its actions, plans, policies and practices Defendant has violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated employees for all hours worked in excess of forty (40) per week at one-and-one-half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

47. Defendant's actions were willful with reckless disregard to clearly established FLSA requirements.

48. Defendant's actions were not in good faith.

49. The "edited-out" unpaid overtime wage claims of Plaintiff and similarly situated employees are unified through a common theory of Defendant's FLSA violations.

50. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

51. Defendant is liable to Plaintiff and similarly situated employees for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendant;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not

awarded);

e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

k) Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: August 5, 2021.	Respectfully Submitted,

<u>s/*Gordon E. Jackson*</u>
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
 Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF*
*AND FOR OTHERS SIMILARLY SITUATED*